# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ELWOOD H. JONES,

                Petitioner,          :     Case No. 1:14-cv-440

    - vs -                       District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,[1]

                                 :

                Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION

This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 16) to the Magistrate Judge's Decision and Order (the "Transfer Order," Doc. No. 13). The Warden has responded (Doc. No. 17) and Judge Rose has recommitted the matter for additional analysis (Doc. No. 18).

The Transfer Order granted the Warden's Motion to Transfer this case to the Sixth Circuit as a second or successive habeas corpus petition addressed to the same state court judgment upheld in *Jones v. Bagley*, 2010 U.S. Dist. LEXIS 59084 (S.D. Ohio Feb. 19, 2010), aff'd 696 F.3d 475 (6th Cir. 2012), *cert denied,* 134 S. Ct. 62 (2013)("*Jones I"*).  Petitioner raises numerous objections.

---

[1] Petitioner's Objections add to the caption the name of Charlotte Jenkins, current Warden at Chillicothe Correctional Institution.  As successor to Warden Norm Robinson, she is, by virtue of Fed. R. Civ. P. 25(d), automatically substituted as the proper respondent in this case.  The Court has a strong preference for maintaining a consistent caption despite the change in legal custodian so that reported decisions in the case can be readily identified by the public.

**Objection One:  The Motion to Transfer is "Dispositive"**

The Transfer Order treated the Warden's motion as nondispositive and therefore within the decisional authority of the Magistrate Judge in the first instance.[2]  Petitioner first objects that a motion to transfer a habeas case to a court of appeals is dispositive and therefore not within the decisional authority of a United States Magistrate Judge (Objections, Doc. No. 16, PageID 142-47).  The Transfer Order reasoned that such a motion is plainly pretrial and "is not classified as 'dispositive' either by 28 U.S.C. § 636(b)(1) or by case law adding to that category" and therefore within the decisional authority of a magistrate judge, appealable to a district judge. (Transfer Order, Doc. No. 13, PageID 128.)

Because Petitioner's Objections directly challenge on this point a standing practice of this Court which has been accepted by the Sixth Circuit, and because he is represented by members of the Capital Habeas Unit, an institutional litigator in capital habeas cases, the issue deserves thorough treatment.

The term "dispositive" as applied to motions does not appear in the Magistrates' Act, 28 U.S.C. § 631, et seq.  However, the distinction on which that category is based is clearly made in the statute.  The 28 U.S.C. § 636(b)(1) provides

> (1) Notwithstanding any provision of law to the contrary
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief

---

[2] The Order preserved Jones' right to District Judge review by postponing its effectiveness until after the appellate process was complete.  (Doc. No. 13, PageID 135.)

can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial [sic] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Thus the statute lists pretrial motions a Magistrate Judge cannot decide but on which, if they are referred, he or she must submit "proposed findings of fact and recommendations for the disposition by a judge of the court" of the excepted motions.[3]  The statute also makes clear that the standard of review is *de novo* on "dispositive" matters and clear error or contrary to law on "nondispositive" matters.

The Federal Rules of Civil Procedure do use the dispositive/nondispositive language. Fed. R. Civ. P. 72(a) reads

---

[3] The Objections refer to the list of dispositive motions in § 636(b)(1)(A) as "examples." (Doc. No. 16, PageID 143).  Congress, however, did not describe them as examples but provided a list as if it were exhaustive.  Only subsequent case law expands the category of "dispositive" motions.

> (a) **NONDISPOSITIVE MATTERS**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Thus the Rule does not track the language of § 636(b), but treats as within the decisional authority of a magistrate judge any pretrial order "not dispositive of a party's claim or defense." To those matters it applies the clearly erroneous or contrary to law standard of review from § 636(b)(1)(A).

There are, however, pretrial motions listed in § 636(b)(1)(B) which are not finally dispositive of a claim of a party.  For example, denial of class certification would not result in a judgment of dismissal of a claim nor would the granting of a motion to suppress.  Nevertheless, Fed. R. Civ. P. 72(a) does not extend magistrate judge decisional authority to those matters because Congress has expressly refused it.

Conversely, as recognized in the Transfer Order, there are other motions which are not finally dispositive of a claim or defense but which the courts of appeals have held are sufficiently analogous to the dispositive matters listed in the statute so as to require similar treatment.  That is, they have expanded the category of dispositive motions by case law.

The Objections cite no case authority from any court adding  motions to transfer second or successive habeas corpus petitions to the dispositive category.  Indeed, they admit the Sixth Circuit has never decided to that effect (Objections, Doc. No. 16, PageID 143).  Instead they argue that such motions are sufficiently analogous to other motions in the case-law-expanded category that they also should be added to that category.

4

The Sixth Circuit has held the list of dispositive motions in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive and magistrate judges also lack decisional authority over analogous matters including Rule 11 claims for damages, *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*); denial of *in forma pauperis* motions, *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(*per curiam*); Fed. R. Civ. P. 37 orders striking pleadings with prejudice, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett*; orders remanding a removed case to state court, *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); orders realigning parties with the effect of destroying diversity, *U.S. Fid & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992); and motions to certify an interlocutory appeal under 28 U.S.C. § 1292(b), *Vitols v. Citizens Banking Co.*, 984 F.2d 168 (6th Cir. 1993).

In *Vogel* the Sixth Circuit held a remand order was dispositive. It adopted a functional test for adding to the statutory category of dispositive motions:

> In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive.

258 F.3d at 514-15. The court found a remand order was the functional equivalent of a listed dispositive motion because "[t]he practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court." *Id.* at 517. Of course, a transfer order does not end the litigation in federal court, but transfers it to the only federal court with competence to decide if it can proceed. If the functional test is whether an order ends the federal litigation, a transfer order under 28 U.S.C. § 2244(b) does not do that.

The other way in which Petitioner argues the Transfer Order is like other dispositive

orders is that it "effectively decided the district court lacks jurisdiction to hear the petition." (Objections, Doc. No. 16, PageID 144).  That is correct.  The Supreme Court has decided that a district court which proceeds to hear a second or successive petition without circuit court certification has acted without jurisdiction.  *Burton v. Stewart*, 549 U.S. 147 (2007).  But the district court itself must decide the second-or-successive question; it cannot transfer a hypothetically second or successive petition to the court of appeals for that court to decide both whether the petition is second or successive and whether it will grant permission to proceed.  *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012); *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).  Of course, unlike the situation in *Vogel*, the Transfer Order does not purport to be final and unreviewable by the District Judge.  In fact, the Magistrate Judge postponed the effectiveness of the Order to allow District Judge review (Doc. No. 13, PageID 135).  Nor is the determination that the petition is second-or-successive conclusive on the court of appeals.  In fact, the Sixth Circuit has on a number of occasions found that a transferred case was not second or successive and thus no permission to proceed was required.  [citations]

Not only has the Sixth Circuit never decided that a transfer motion is dispositive, it has repeatedly accepted transfer orders entered by this Magistrate Judge without suggesting they were entered without authority.  In *Smith, supra,* another capital case from this Court, no question was raised about the authority of the Magistrate Judge to enter the order and Judge Clay's concurrence expressly recognized that itwas a magistrate judge order.  690 F.3d at 811. The same thing is true in *Sheppard*, also a capital case which was heard by a different panel from *Smith*.  In the following non-capital cases, the undersigned has signed transfer orders which have been accepted by the Sixth Circuit without cavil at magistrate judge authority:

1. *Mobley v. Warden,* Case No. 3:99-cv-669 (Magistrate Judge Transfer Order of Dec. 29,

2003), permission to proceed denied in *In re Darryl Mobley,* Case No. 04-3026 (6th Cir. Aug. 6, 2004);

2. *Israfil v. Russell*, Case No. 3:00-cv-260 (Magistrate Judge Transfer Order of Dec. 22, 2003), the record does not reflect any action by the court of appeals, although it later denied a certificate of appealability to the petitioner.

3. *Cunigan v. Ross Correctional,* Case No. 3:07-cv-368, 2007 WL 2902877(S.D. Ohio Oct. 2, 2007)( Magistrate Judge Transfer Order), permission to proceed denied *In re Shawn Cunigan*, Case No. 07-4218 (6th Cir. Jun. 10, 2008);

4. *Brewer v. Warden,* Case No. 3:10-cv-1 (Magistrate Judge Transfer Order of Jan. 4, 2010), permission to proceed denied at *In re William Clyde Brewer*, Case No. 10-3032 (6th Cir. Sept. 22, 2011);

5. *Musselman v. Warden,* Case No. 3:14-cv-124 (Magistrate Judge Transfer Order of Apr. 25, 2014), permission to proceed denied at *In re Musselman,* Case No. 14-4430 (6th Cir. Dec. 17, 2014);

6. *Everette v. Warden,* Case No. 3:12-cv-408, 2012 WL 6101081 (S.D. Ohio Dec. 7, 2012)( Magistrate Judge Transfer Order, permission to proceed denied at *In re Thomas Everette, Jr.,* Case No. 13-3888 (6th Cir. Mar. 31, 2014).

This list is by no means exhaustive, but in all these cases the Magistrate Judge transferred the case as second or successive and the Sixth Circuit decided whether the case could proceed without questioning the authority of the Magistrate Judge to enter the order.

Petitioner complains that his Petition will be heard on the merits only "*if* the Sixth Circuit grants a certificate to Jones, [a] result that is far from guaranteed." (Objections, Doc. No. 16, PageID 146). But that is the result Congress intended by enacting § 2244(b): if Jones cannot

persuade either the District Judge or the Sixth Circuit that his petition is not second or successive, he is barred from a merits hearing on the petition, absent a circuit court certificate.

It is therefore respectfully recommended that the District Judge decide that the Magistrate Judge correctly treated the Motion to Transfer as nondispositive and therefore within his decisional authority in the first instance, subject to appeal to the district court under Fed. R. Civ. P. 72(a).

**Objection Two:  Even if the Motion to Transfer is Nondispositive, the Standard of Review is De Novo**

Jones claims that even if the Motion to Transfer is treated as nondispositive, the Transfer Order is to be reviewed de novo (Objections, Doc. No. 16, ;PageID 147, relying on *United States v. Curtis*, 237 F.3d 598 (6ᵗʰ Cir. 2001).  That case is completely inapposite.  Curtis was arrested for a supervised release violation on a felony conviction and the district judge referred the probable cause hearing to a magistrate judge.  On review of the magistrate judge's probable cause determination, it was unclear what standard of review was applied and the Sixth Circuit remanded for application of the clearly erroneous standard.  *Id.* at 604.  The pinpoint citation given in the Objections to show that the proper standard of review is de novo (PageID 147, citing page 607), is to the dissenting opinion of Judge Batchelder, not to the majority opinion.

**Objection Three:  The Petition Is Not Second-Or-Successive**

Jones second-in-time Petition, the one made in this case, raises two new claims of ineffective assistance of trial counsel, claims never before pled in habeas and particularly not in

*Jones I*. Jones argues they can be brought now without meeting the standards of § 2244(b) because they are "newly colorable." Because these new claims do not come within any recognized exception to § 2244(b), the Transfer Order found the Petition was second or successive and Jones objects to that conclusion.

The new claims are not claims based on newly discovered facts or newly existing facts. Rather, the facts on which Jones relies existed and were known to him and his counsel when he filed his first habeas corpus petition. His excuse for not filing these claims then is that he anticipated the State would raise the defense that he has procedurally defaulted these claims when he did not bring them in his petition for post-conviction relief in state court. He now argues that default is excused by the ineffective assistance of his post-conviction counsel, the excuse recognized for the first time in *Martinez* as to Arizona cases and extended by *Trevino* to Texas cases.

Neither the Sixth Circuit nor any other court cited by Jones has recognized a class of "newly colorable" claims, i.e., claims not pled because habeas counsel anticipated an insuperable defense from the State. No court has recognized "newly colorable" claims thus defined as an exception to the second or successive doctrine. Jones claims straight out that these two claims were procedurally defaulted, but neither this Court nor the Sixth Circuit in *Jones I* had held them to be procedurally defaulted because they were not presented. If counsel recognized these claims when *Jones I* was pled, they would have had no incentive to omit these claims. But presented with an opportunity to be creative in the wake of *Martinez* and *Trevino*, Jones and his counsel have every incentive to come up with new claims whose litigation will delay his execution if they can do so without facing the second-or-successive bar of § 2244(b).

Because they have no case law in point, Jones' counsel seek to expand the recognized

9

exceptions to § 2244(b) by analogy.  First they argue that "newly colorable" claims like Jones'
are analogous to newly ripe claims such as those in *Panetti v. Quarterman,* 551 U.S. 930 (2007),
and *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998), where the Supreme Court held a petition
raising a *Ford v. Wainwright,* 477 U.S. 399 (1986)(the insane may not be executed), claim is not
a prohibited second petition when the issue was not ripe when the first petition was filed. The
analogy is not persuasive:  Jones relies on facts which occurred and which were known to him
and his counsel when his first petition was filed.  His new claims are not newly ripe.

In *Panetti* and *Martinez-Villareal*, the Supreme Court recognized a narrow exception to
the second-or-successive doctrine for newly ripe claims.  It did not derive those exceptions from
the general principle for which Jones argues – that "if a merits review of claims was not possible
at the time of the original petition, the prisoner may bring them when the merits review is
possible, . . . (Objections, Doc. No. 16, PageID 151).  This Court has no authority to create a new
exception to a valid statute when Jones' new claims come squarely within the language of that
statute.

Jones also relies on *In re Bowen*, 436 F.3d 699 (6th Cir. 2006), as permitting newly
exhausted claims to be litigated without meeting the § 2244(b) standard.  Bowen's new claim of
ineffective assistance of trial counsel was omitted from his first petition because it was not
exhausted when that first petition was filed.

The Transfer Order found *Bowen* inapplicable here because it seemed to be based on the
confluence of several pieces of habeas jurisprudence which had changed in ways critical to
Bowen's case (Doc. No. 13, PageID 130-31).  In light of those anomalies, the Sixth Circuit
applied the abuse of writ doctrine as stated in the 1948 case of *Sanders v. United States*, 373 U.S.
1 (1948):

> If a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. … Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay.

*Id.* at 18.  Jones' instant Petition is not an abuse of the writ when measured against this language.

But *Bowen* does not license district courts to find exceptions to § 2244(b) whenever a second petition can be found not to be abusive.  To put it another way, § 2244(b) does not codify the prior abuse of the writ doctrine, but substantially narrows the circumstances in which a second or successive petition can be brought.  Of course, if the Magistrate Judge is wrong in his reading of *Bowen*, the Sixth Circuit will promptly correct that reading and tell us to proceed without issuing a § 2244(b)(3) certificate.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes a motion to transfer is nondispositive and within the decisional authority of a Magistrate Judge in the first instance.  Second, the Magistrate Judge remains persuaded that the instant Petition is second-or-successive within the intendment of § 2244(b) and therefore must be transferred to the Sixth Circuit.

This Supplemental Memorandum Opinion is neither an order under 28 U.S.C. § 636(b)(1)(a) nor a report and recommendations under § 636(b)(1)(B).  The Petitioner's Objections to the Transfer Order are therefore ripe for Judge Rose's consideration.  No objection

period applies under Fed. R. Civ. P. 72 and neither party may file additional argument without

permission of the Court.

March 16, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge