UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELWOOD H. JONES

        Petitioner,

-v-

WARDEN, Chillicothe Correctional
Institution,

        Respondent.

Case No. C-1:14-cv-440

Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

---

**ENTRY AND ORDER OVERRULING JONES' OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S DECISION AND ORDER TRANSFERRING THE INSTANT PETITION TO THE SIXTH CIRCUIT**

---

     This capital habeas corpus case is now before the Court on Petitioner Elwood H. Jones' ("Jones'") Objections (doc. #16) to Magistrate Judge Merz's Decision and Order (doc. #13) transferring Jones' instant Petition for a Writ of Habeas Corpus to the Sixth Circuit Court of Appeals. The Warden has responded to Jones' Objections (doc. #17) so they are now ripe for decision.

     Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.* Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, Jones argues that the Magistrate Judge's Decision and Order to transfer his Petition to the Sixth Circuit is a dispositive order. The District Judge has reviewed the Magistrate Judge's factual findings and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law and finds that they do not contradict or ignore applicable law. The Magistrate Judge's decision to transfer Jones' instant Petition to the Sixth Circuit is not a dispositive order. Therefore, Jones' Objections to the Magistrate Judge's Decision and Order transferring the instant Petition to the Sixth Circuit are OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty Fifth Day of March, 2015.

                                                                                           **s/Thomas M. Rose**

                                                                                       THOMAS M. ROSE
                                                                       UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record